DANICA MAZENKO
CA Bar No. 330710
D Mazenko Law
2443 Fair Oaks Boulevard #486
Sacramento, CA 95825
Tel (619) 669-5693
Attorney for Veronica Brooks

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:25-CR-00026 |
| Plaintiff, | ) | |
| | ) | STIPULATION TO CONTINUE STATUS |
| v. | ) | CONFERENCE; ORDER |
| | ) | |
| VERONICA BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**STIPULATION**

Defendant, Veronica Brooks, and Plaintiff, the United States of America, hereby stipulate as follows:

1.      By previous order, this matter was scheduled for a status conference on February 12, 2026. By this stipulation, the parties move to continue the status conference to March 5, 2026.

2.      On December 5, 2025, the Court ordered that Ms. Brooks undergo a competency evaluation by a local psychologist. The parties contracted a local psychologist, Dr. Jennie Singer, to evaluate Ms. Brooks's competency to stand trial. Dr. Singer interviewed Ms. Brooks on January 31, 2026 and a report will issue within 30 days of January 31, 2026.

3.      During this time in which the defendant has undergone competency proceedings, defense

1

counsel has not had the opportunity to prepare pretrial motions or to prepare for trial or an alternate disposition. The defense needs additional time, after Ms. Brooks's competency is adjudicated, to attend to these matters. Thus, by this stipulation, the defendant moves to continue the currently scheduled status conference and set the case for status on March 5, 2026.

4.     The government does not object to the defense's request.

5.     The parties agree and stipulate, and request that the Court find the following:

a.   Discovery has been provided to the defendant, consisting of voluminous videos, documents, reports and recordings.

b.   Defense counsel represents that, despite the exercise of due diligence, she requires additional time to prepare.

c.   Counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e.   Although the speedy trial time has previously been excluded through February 12, 2026, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period of the filing of this stipulation to March 5, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. §3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court, requested on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act provide that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 3, 2026

ERIC GRANT
United States Attorney

*/s/ Nicole Vanek*
DANICA MAZENKO
Assistant United States Attorney

Dated:  November 26, 2025

*/s/ Danica Mazenko*
DANICA MAZENKO
Counsel for Defendant
Veronica Brooks

3

**ORDER**

**IT IS ORDERED** that the status conference scheduled for February 12, 2026, is continued to March 5, 2026, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the ends of justice served by the schedule set forth above outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §3161 et. seq., within which a trial must commence, the time period of today's date through March 5, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(i) & (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the needs of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED this 6th day of February 2026.

Dated:  February 6, 2026

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE