DANICA MAZENKO
CA Bar No. 330710
2443 Fair Oaks Blvd #486
Sacramento, CA 95825
Tel: (619) 669-5693

Attorney for Defendant
VERONICA BROOKS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:25-cr-00026-DJC-3 |
| Plaintiff, | ) |
| vs. | ) **Defendant Veronica Brooks's Amended Request for Order for Funds for Travel and Subsistence Pursuant to the Criminal Justice Act, 18 U.S.C. §3006A** |
| VERONICA BROOKS, | ) |
| Defendant. | ) Date:    June 30, 2026 |
| | ) |

## I.    Introduction

Veronica Brooks has been found by this Court to be incompetent to stand trial. ECF 171. She is scheduled for Self-Surrender on or before July 1, 2026 to report to FMC Carswell in Fort Worth, Texas, to determine whether her competency is restorable. She is a resident of Sacramento, California. She is a member of a protected class based on her moderate intellectual disability. ECF 162. The federal government has deemed her particularly vulnerable to manipulation and susceptible to harm by bad actors. *Id.* The federal government has accordingly forbid Ms. Brooks from managing her own social security insurance benefit payments, and has installed a third party payee to safeguard her funds. *Id.* This Court determined that Ms. Brooks does not pose a threat to the community, nor does she pose a flight risk. Accordingly, incarcerating Ms. Brooks for the sole purpose of her transportation from Sacramento to Carswell FMC in Fort Worth, Texas, would serve no purpose. She is indigent and requests funds to allow her to travel to her self-surrender. Due process requires that the necessary funds be provided.

-1-

## II.    Due Process Requires the Provision of the Requested Funds

Ms. Brooks's indigency is supported by her financial affidavit, which the undersigned submitted for to CJA administrative personnel upon appointment to the case on January 28, 2025. According to the affidavit, she has zero assets. Ms. Brooks lives on social security disability payments.

As set forth below, the Criminal Justice Act, 18 U.S.C. § 3006A, provides a funding mechanism for noncustodial transportation or furnish the fare "to the place where [her] appearance is required," and to furnish subsistence expenses not to exceed the per diem allowance under 5 U.S.C. § 5702(a).

The defendant has a due process right to attend to court ordered mandates and cannot be forced to choose between surrendering herself into custody or to go without food and lodging while attending to court-ordered business. *See, United States v. Badalamenti*, 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986). In *United States v. Mendoza*, 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he was away from home for court proceedings and for the cost of return travel and subsistence. The *Mendoza* court specifically held that the need for lodging for an out-of-district defendant constitutes "other services necessary for adequate representation" under § 3006A(e). 734 F.Supp.2d at 286. The same reasoning applies here: funding Ms. Brooks's transportation to FMC Carswell is a service not merely necessary for adequate representation, but necessary for the case to proceed at all. Courts have recognized that § 4285 and the CJA provide parallel and complementary funding mechanisms for such expenses. *See United States v. Dyer*, No. 15-CR-115-JPS, 2016 WL 7031988 (E.D. Wis. Dec. 1, 2016) (recognizing that § 4285 and the CJA are parallel funding mechanisms available to fund indigent defendant travel and lodging).

The constitutional dimension of this request is reinforced by longstanding due process principles prohibiting the penalization of indigency. *See Griffin v. Illinois*, 351 U.S. 12 (1956) (due process and equal protection prohibit a state from conditioning access to criminal proceedings on

the ability to pay); *Bearden v. Georgia*, 461 U.S. 660, 667-68 (1983) (the government may not punish a defendant for the failure to comply with a court order where that failure stems from a bona fide inability to pay). Here, Ms. Brooks faces a Hobson's choice: violate her surrender order and risk revocation of bond, or attempt to fund a trip from Sacramento to Fort Worth, Texas, on zero assets and a disability income over which she has no direct control. This is precisely the situation the foregoing authorities prohibit. The equities are further heightened by Ms. Brooks's moderate intellectual disability. The federal government has already determined that she cannot safely manage her own finances and has installed a third-party payee on that basis. It would be incongruous—and constitutionally untenable—for the Court to order her to travel 1,700 miles while simultaneously acknowledging that she has no ability to arrange or fund that journey.

**III.     Conclusions**

Ms. Brooks requests funding for her travel and subsistence as follows:

(1) From funds authorized under 18 U.S.C. §3006A The Criminal Justice Act, for the defendant's travel, lodging and subsistence expenses while she travels from Sacramento, California to Fort Worth, Texas on or before July 1, 2026 for her self-surrender.

(2) From any other source the Court finds appropriate for the travel and subsistence expenses noted above.

Undersigned counsel is informed and believes this Court is inclined to order travel and subsistence funding as referenced in (1) and (2) above and to further authorize undersigned counsel to advance the subsistence expenses specified above with reimbursement to counsel from Criminal Justice Act (CJA) funds ordered by the Court.

Counsel will provide defendant Brooks with a copy of the travel funds document which is attached to the proposed order and advise Ms. Brooks of her potential liability for excess expenses. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is completed.

Dated: June 23, 2026                                Respectfully submitted,

                                                    /s/ Danica Mazenko
                                                    DANICA MAZENKO
                                                    Attorney for Ms. Brooks

**<u>ORDER</u>**

Pursuant to 18 U.S.C. § 3006A(e), the Court orders the Federal Defender's Office to disburse Criminal Justice Act (CJA) funds to furnish Veronica Brooks with the cost of travel from Sacramento, California to Fort Worth, Texas so that she may attend her Court-ordered self-surrender on or before July 1, 2026. Additionally, the CJA shall provide Ms. Brooks with subsistence expenses for this travel period not to exceed the amount authorized as per diem allowance for travel under 5 U.S.C. § 5702(a).

Pursuant to 18 U.S.C. § 3006A(e), the Court orders the Federal Defender's Office to disburse Criminal Justice Act (CJA) funds to furnish Veronica Brooks with the cost of lodging, food, and incidental expenses while she travels from Sacramento, California to Fort Worth, Texas on June 29, 2026 or June 30, 2026 in connection with her Court-ordered self-surrender on or before July 1, 2026. It is further ordered that CJA funds shall be disbursed by the Federal Defender's office for travel and subsistence to enable Ms. Brooks to return to her home in Sacramento, California when that court ordered restoration period is completed. It is further ordered that to the extent practicable, the travel and subsistence expenses shall not exceed the parameters set out in the per diem allowance for travel under 5 U.S.C. § 5702(a).

It is further ordered that undersigned counsel may advance the travel and subsistence funds to be disbursed from CJA funds.  Counsel shall seek any reimbursement from CJA funds promptly once the authorized travel is completed.

////

////

-5-

Counsel shall endeavor to limit the expenses to what is reasonably required, however counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

 IT IS SO ORDERED.


 Dated:  June 23, 2026                    /s/ Daniel J. Calabretta
                                          THE HONORABLE DANIEL J. CALABRETTA
                                          UNITED STATES DISTRICT JUDGE